KRISTYL BERCKES, ESQ. - Attorney ID: 007952011
**LAWRENCE LAW, L.L.C.**
776 Mountain Boulevard, Suite 202
Watchung, NJ 07069
Phone: (908) 645-1000
Fax: (908) 645-1001
Email: kmberckes@lawlawfirm.com
*Attorney(s) for Respondent*

|  |  |
|---|---|
| **JAMES NIGEL LIKUBULI WATTS-FARMER,**<br><br>        Petitioner,<br><br>    vs.<br><br>**PAULA ANDREA RODA CORTES,**<br>        Respondent. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br><br>CIVIL NO. 22-4601-KMW-SAK |

## RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONER'S APPLICATION UNDER 22 U.S.C. § 9001 *ET. SEQ.*

The object of the Hague Convention, as professed in its preamble, is "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." Taglieri v. Monasky, 876 F. 3d. 868, 875 (6th Cir. 2017) (citing Convention on the Civil Aspects of International Child Abduction pmbl., Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49 (reprinted at 51 Fed. Reg. 10494 (Mar. 26, 1986))).

In order to do so, the Convention established a system whereby "a court in the abducted-to nation has jurisdiction to decide the merits of an abduction claim, but not the merits of the

underlying custody dispute." Friedrich v. Friedrich, 78 F.3d 1060, 1063 (6th Cir. 1996) (" Friedrich II "); Convention art. 19. This system is "generally intended to restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court." Friedrich II at 1064.

Under the federal implementing statute, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 – 9008, 9010 – 9011 (Supp. II 2014), 42 U.S.C. § 663 (2012), a petitioner seeking the return of a child must establish by a preponderance of the evidence "that the child has been wrongfully removed or retained within the meaning of the Convention." 22 U.S.C. § 9003(e)(1)(A).

The Convention (in relevant part) defines as wrongful the removal or retention of a child "in breach of rights of custody ... under the law of the [Contracting] State in which the child was habitually resident immediately before the removal or retention." Convention art. 3.

However, "[e]ven when a court finds wrongful removal or retention, it is not necessarily required to return a child to its habitual residence. After a petitioner demonstrates wrongful removal or retention, the burden shifts to the respondent to prove an affirmative defense against the return of the child to the country of habitual residence." Karkkainen v. Kovalchuk, 445 F.3d. 280, 288 (3ʳᵈ Cir. 2006); see also 22 U.S.C. § 9001(a)(4) ("Children

who are wrongfully removed or retained ... are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies.")

In the instant matter, Petitioner asserts that the Court must deny Petitioner's application on the following grounds: 1) the United States has now become the child's habitual residence; 2) there was no wrongful removal of the child from Colombia as Petitioner had no right to custody in Colombia; and 3) grave risk of harm will come to the child if the child is required to return to Colombia.

ARGUMENT

I.   **THE TOTALITY OF THE CIRCUMSTANCES TEST WHEN DETERMINING THE CHILD'S HABITUAL RESIDENCE REQUIRES THE COURT CONSIDER PETITIONER'S EXERCISE OF COERCIVE CONTROL OVER RESPONDENT AS WELL AS THE CHILD'S ACCLIMATIZATION IN THE UNITED STATES WHEN FINDING THE UNITED STATES AS THE CHILD'S HABITUAL RESIDENCE.**

"The Hague Convention on the Civil Aspects of International Child Abduction does not provide a definition for habitual residence." Feder v. Evans-Feder, 63 F.3d 217 (3rd Cir. 1995). Our Circuit Courts have stated that "[H]abitual residence should not be determined through the 'technical' rules governing legal residence or common law domicile' and instead should be guided by '[t]he facts and circumstances of each case.'" Taglieri v. Monasky, 876 F.3d 868 (6th Cir. 2017). Moreover, as it pertains to parental intent, our Courts have held "that the determination

of habitual residence does not turn on the existence of an actual agreement." Monasky v. Taglieri, 140 S. Ct. 719 (2020).

The matter of Ahmed v. Ahmed offers two ways to identify a child's habitual residence. 867 F.3d 682 (6th Cir. 2017). The primary approach looks to the place in which the child has become "acclimatized." Id. at 687. The second approach, a back-up inquiry for children too young or too disabled to become acclimatized, looks to "shared parental intent." Id. at 689; see also Robert v. Tesson, 507 F.3d 981, 992 n.4 (6th Cir. 2007). Every Circuit to consider the question looks to both standards. Ahmed at 689; see Mauvais v. Herisse, 772 F.3d 6, 11 (1st Cir. 2014); Guzzo v. Cristofano, 719 F.3d 100, 110 (2d Cir. 2013); Karkkainen v. Kovalchuk, 445 F.3d 280, 296 (3d Cir. 2006) ; Maxwell v. Maxwell, 588 F.3d 245, 253 (4th Cir. 2009) ; Larbie v. Larbie, 690 F.3d 295, 310 (5th Cir. 2012) ; Redmond v. Redmond, 724 F.3d 729, 746 (7th Cir. 2013) ; Barzilay v. Barzilay, 600 F.3d 912, 918 (8th Cir. 2010) ; Holder v. Holder, 392 F.3d 1009, 1020 (9th Cir. 2004) ; Kanth v. Kanth, No. 99-4246, 2000 WL 1644099, at *1-2 (10th Cir. Nov. 2, 2000) ; Chafin v. Chafin, 742 F.3d 934, 938-39 (11th Cir. 2013).

As to the first approach, the question is "whether the child has been physically present in the country for an amount of time sufficient for acclimatization and whether the place has a degree of settled purpose from the child's perspective."

4

<u>Ahmed</u> at 687. When considering whether the child has acclimatized, Circuit Courts consider: "whether the child participated in 'academic activities,' 'social engagements,' 'sports programs and excursions,' and whether the child formed 'meaningful connections with the [country's] people and places.' <u>Id</u>.

In the instant matter, is it important for the Court to consider the parental intent as well as the child's acclimatization in the United States. While the child resided in Colombia with Respondent, same was only under the duress and control of Petitioner. Respondent had no other financial means to sustain herself in Colombia, being unemployed and having no other means of financial support other than that of the monies being provided to her directly from Petitioner. Petitioner utilized contact with the child as a means of extortion and threatened to remove his financial support to Respondent if Petitioner did not allow him to see the child, despite various protective orders in place in Colombia both from 2015 and 2020, both attached at **Exhibit "A,"** both of which afford total custody of the child to Respondent based on Petitioner's acts of abuse and domestic violence. Accordingly, while Respondent's intent was not to remain in Colombia she was being coercively controlled to remain there.

In addition, the child has been in the United States for

eight (8) months and attends school here. He is excited to begin third (3rd) grade and begin to engage in extracurricular activities. When the child was in Colombia, the child was having difficulty in school and acting inappropriately. Shortly after his arrival to the United States, these behaviors ceased.

Accordingly, in light of the coercive control exercised by Petitioner upon Respondent and the child's acclimatization to the United States, this Court should find the United States to be the habitual residence of the child.

## II. PETITIONER'S APPLICATION MUST BE DENIED BECAUSE THE CHILD WAS NOT WRONGFULLY REMOVED FROM COLOMBIA AS PETITIONER HAD NO RIGHTS OF CUSTODY TO THE CHILD IN COLOMBIA.

Under Article 3 of the Convention, the removal or retention of a child is "wrongful" where:

> a. It is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and

> b. at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

The rights of custody mentioned in sub-paragraph (a) above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State. Hague Convention, Article 3.

For purposes of the Convention, "'rights of custody' shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence[.]" Feder v. Evans-Feder, 63 F.3d 217 (3rd Cir. 1995). The burden of proving the exercise of custody rights falls on the petitioner, who must establish it by a preponderance of the evidence. Friedrich II at 1064.

In the instant matter, Petitioner has failed to provide by clear and convincing proofs as to his custody rights to the child. In fact, Petitioner, in his application to the Court, failed to provide copies of the two (2) Court Orders in Colombia that clearly and unequivocally awarded custody of the child to Respondent, providing no rights to Petitioner whatsoever. Accordingly, Petitioner's application must be denied.

### III. EVEN IF THE COURT WERE TO FIND WRONGFUL REMOVAL OF THE CHILD IN THIS INSTANCE, THE COURT MUST NOT REQUIRE THE RETURN OF THE CHILD OR GRAVE RISK OF HARM WILL COME TO HIM.

"The Hague Convention has a mechanism for guarding children from the harms of domestic violence: Article 13(b)." Monasky v. Taglieri, 140 S. Ct. 719 (2020). The retaining parent must show that the child faces a grave risk of harm by clear and convincing evidence. 22 U.S.C. § 9003(e)(2)(A). "[S]ufficiently serious threats and violence directed against a parent can . . . pose a grave risk of harm to a child." Gomez v. Fuenmayor, 812 F.3d 1005,

1010 (11th Cir. 2016).

The Eleventh Circuit Court found the standard for the grave risk exception met "where the father had verbally and physically abused the mother in the child's presence, and threatened to harm the child, but did not physically abuse the child." Baran v. Beaty, 526 F. 3d 1340, 1346 (11th Cir. 2008).

In the Sixth Circuit, the Court found grave risk of harm where there was evidence of the father's physical abuse that involved "repeated beatings, hair pulling, ear pulling, and belt-whipping" and psychological abuse included "profane outbursts and abuse of the children's mother in their presence." Simcox v. Simcox, 511 F. 3d 594, 608-09 (6th Cir. 2007). See also Gomez v Fuenmayor, 812 F. 3d 1005, 1013 (11th Cir. 2016)(a pattern of death threats and violence against a father, including a shooting, established a grave risk of harm even though the threats were not specifically directed against the child).

In the instant matter, on two (2) separate occasions the domestic violence and abuse perpetuated by Petitioner upon Respondent and the child was so troublesome that the Family Commissioners within Colombia twice investigated this family and twice awarded custody of the child to Respondent only. In addition, another hearing remains pending and shall be heard on September 9, 2022 in Colombia relative to the domestic violence and abuse perpetuated by Petitioner. The Family Commissioners is a

government entity in Colombia established to prevent, protect, restore, repair, and guarantee the rights of those who are at risk, or are victims, of gender based violence in the family context and victims of other violence in the family context. The Family Commissioners on two (2) occasions facilitated the entry of Orders to award full custody of the child to Respondent and afforded no rights to Petitioner based on a history of domestic violence and abuse, that has included but is not limited to threats of emotional and physical abuse to Petitioner, inappropriate sexual contact and behavior by Petitioner upon the child, and Petitioner's drug use while in the presence of Petitioner and the child.

Accordingly, the Court must not require the return of the child to Colombia as same would bring risk of grave harm to the child.

## CONCLUSION

For the above stated reasons, the Court must deny Petitioner's application seeking return of the minor child to Colombia and permit the child to remain in the State of New Jersey.

Respectfully submitted,

LAWRENCE LAW, L.L.C.

_____

KRISTYL M. BERCKES

Dated: August 26, 2022

# EXHIBIT "A"



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43D # 11 – 02 PISO 2° MASCERCA TEL: 4939764

**RESOLUCION No. 066**

Medellín, 04 de junio de 2020

"Por la cual se admite una solicitud de protección por violencia intrafamiliar y se dictan medidas de protección provisionales"

El Comisario de Familia Catorce de Medellín,  en uso de las facultades legales conferidas por el Artículo 11° de la Ley 294 de 1996, modificado por el Artículo 6° de la Ley 575 de 2000 en concordancia con lo dispuesto en la Ley 1257 de 2008  y los Decretos 652 de 2001 y 4799 de 2011 y,

**CONSIDERANDO**

**1.** Que el día 18 de mayo de 2020, se recibe vía correo electrónico, solicitud de protección por violencia intrafamiliar en favor de la señora PAULA ANDREA RODAS CORTES, por hechos de los cuales sindicó al señor JAMES NIGEL LIKUBULI WATTS.

**2.** Que las conductas descritas en la solicitud de protección, son reconocidas por la ley como constitutivas de violencia intrafamiliar.

**4.** Que la solicitud efectuada por la señora PAULA ANDREA RODAS CORTES, es creíble y constituye un indicio serio de ocurrencia del hecho de violencia, situación que debe ser atendida para evitar nuevos hechos constitutivos de violencia y que se siga perturbando la paz y la armonía familiar.

**5.** Que los hechos denunciados son de una gravedad tal, que hacen temer por la integridad física y mental, la dignidad humana, la paz y la convivencia pacifica de PAULA ANDREA RODAS CORTES y su grupo familiar, haciéndose necesaria la intervención de esta Comisaría de Familia, adoptando medidas de protección provisional que procuren restablecer la paz y la armonía del grupo familiar, que pongan fin y prevengan la realización de nuevos hechos violentos, cumpliendo así el Estado su misión de proteger la familia y a su integrantes, de toda forma de violencia que menoscabe tales derechos fundamentales.

**6.**  Que este Despacho es el competente para conocer la solicitud de protección presentada, por cuanto el Artículo 4° de la Ley 294/96, modificado por el Artículo 1°. de la Ley 575 /2000, que le otorga competencia al Comisario de Familia del lugar donde ocurren los hechos, y en el presente caso, los hechos denunciados suceden dentro de la jurisdicción de esta Comisaría de Familia

**SECRETARÍA DE SEGURIDAD Y CONVIVENCIA**
**SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA**
**COMISARÍA DE FAMILIA CATORCE "EL POBLADO"**
**CRA 43D # 11 - 02 PISO 2° MASCERCA TEL: 4939764**

En mérito de lo expuesto el Comisario de Familia Catorce de Medellín

## RESUELVE

**PRIMERO: ADMITIR** la solicitud de protección por violencia intrafamiliar, presentada por la señora PAULA ANDREA RODAS CORTES, identificada con cédula de ciudadanía 29.309.633 en su propio beneficio y de los demás miembros de su grupo.

**SEGUNDO: ABRIR** trámite correspondiente a violencia intrafamiliar, conforme lo dispuesto en el Artículo 4º de la Ley 294/96, modificado por el Artículo 1º de la Ley 575/00 en contra del señor JAMES NIGEL LIKUBULI WATTS.

**TERCERO: CONMINAR** al señor JAMES NIGEL LIKUBULI WATTS, residenciado en la calle 18S 24-53, barrio San Lucas de la ciudad de Medellín (Ant), para que se abstenga de ejecutar actos de violencia, agresión, maltrato, amenaza, daño, abuso, lesiones, daños físicos o materiales, ofensas verbales o maltrato psicológico, por cualquier medio físico, electrónico o virtual, en contra de la señora PAULA ANDREA RODAS CORTES, o en contra de cualquier otro miembro de su grupo familiar; estas acciones no podrá realizarlas en lugares públicos o privados o en el sitio de trabajo de la persona protegida.

**CUARTO: ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS **ABSTENERSE** de realizar actos que perturben la paz y la convivencia familiar y social; especialmente se abstendrá de provocar altercados, escándalos o cualquier acto de violencia física o verbal en el lugar de trabajo o de residencia de la señora PAULA ANDREA RODAS CORTES o de su grupo familiar.

**QUINTO: ORDENAR,** conforme lo dispuesto en el Literal n) de Artículo del Artículo 5° de la Ley 294 de 1996, modificado por el Artículo 2° de la Ley 575 de 2000 modificado por el Artículo 17° de la Ley 1257 de 2008, a JAMES NIGEL LIKUBULI WATTS, **ABSTENERSE** de realizar cualquier tipo de difusión o comentario por redes sociales u otro medio similar, en relación con este proceso en el que de alguna manera se mencione o se perfilen las imágenes de la señora PAULA ANDREA RODAS CORTES, para prevenir que sea molestada, intimidada, amenazada, o que de cualquier otra forma interfiera con ella.

**SEXTO: ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS, se abstenga de ejecutar actos de agresión o violencia intrafamiliar con o en presencia de sus hijos menores de edad.

**SEPTIMO: ORDENAR** que la custodia y el cuidado personal del niño Jesi Gabriel Watts Rodas, de siete (07) años de edad, esté en cabeza de su señora madre PAULA ANDREA RODAS CORTES.





www.medellin.gov.co

OCTAVO: Para garantizar la efectividad de la medida decretada en el Numeral anterior de esta Resolución, se oficiará al Centro Zonal Aburra Sur del Instituto Colombiano de Bienestar Familiar, para que esta entidad adopte las medidas necesarias de información a todos los centros zonales, a fin de impedir el otorgamiento de custodia y cuidado personal del niño Jesi Gabriel Watts Rodas, de siete (07) años de edad, en favor del señor JAMES NIGEL LIKUBULI WATTS, todo de conformidad con lo dispuesto en el Artículo 3°. Numeral 3° del Decreto 4799 de 2011

NOVENO: **ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS, se abstenga de ejecutar actos de violencia patrimonial o económica como suspender el pago de cuotas alimentarias, pago de las obligaciones que cause la vida familiar, pago de servicios públicos, servicios de comunicaciones no esenciales, impuestos, cuotas de administración y las de socorro, ayuda mutua, fidelidad y respeto que les impone el contrato matrimonial.

DECIMO: **INFORMAR** a las demás autoridades administrativas y de policía, que de conformidad con lo dispuesto en el Artículo 21° de la Ley 1257 de 2008, que las medidas de protección contenidas en la presente resolución acreditan la situación de la persona protegida, sus hijos e hijas, como personas víctimas de violencia intrafamiliar, sin que se puedan exigir otros requisitos adicionales.

DECIMO PRIMERO: **INFORMAR** el derecho de las mujeres a no ser confrontadas con el agresor: *"Las autoridades competentes están obligadas a informar a las mujeres víctimas el derecho que tienen a no ser confrontadas con el agresor. De conformidad con el artículo 4° de la ley 294 de 1996 modificada con la ley 575 de 200 y la ley 1257 de 2008 y decreto 4799 de 2011. Este derecho, consagrado en literal k) del artículo 8° de la Ley 1257 de 2008, incluye el derecho a manifestar ante la Fiscalía General de la Nación directamente, por escrito o a través de representante judicial, su intención de no conciliar. De igual manera, incluye el derecho a participar o no, en cualquier procedimiento o diligencia administrativa, civil o penal, ante cualquiera de las autoridades competentes, en las cuales esté presente el agresor. Con la manifestación de la mujer víctima de no conciliar quedará agotada la etapa de conciliación y se dará continuidad al proceso. En el trámite de las medidas de protección, este derecho se garantizará en relación con la etapa de conciliación ante cualquiera de las autoridades competentes."*

DECIMO SEGUNDO: **ORDENAR** que las medidas de protección, estarán vigentes hasta que se le notifique al señor JAMES NIGEL LIKUBULI WATTS, lo resuelto dentro de las diligencias radicadas en el Sistema Administrativo Theta de la Secretaría de Seguridad y Convivencia de la Alcaldía de Medellín, bajo el número 2-0014540-20.

DECIMO TERCERO: **ADVERTIR** al señor JAMES NIGEL LIKUBULI WATTS, que el incumplimiento de las medidas ordenadas esta Resolución, lo hará acreedor a las sanciones preceptuadas en el Artículo 7° de la Ley 294 de 1996.





www.medellin.gov.c



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43D # 11 - 02 PISO 2° MASCERCA TEL: 4939764

**DECIMO CUARTO: NOTIFICAR** la presente medida de protección provisional, personalmente o mediante aviso, indicando que contra esta, no procede recurso alguno.

**NOTIFÍQUESE Y CÚMPLASE**

**ELKIN LONDOÑO SERNA**            **IRMA LUCIA BOLIVAR CIFUENTES**
Comisario de Familia Catorce            Secretaria

NOTIFICACION: En la fecha, junio  4  de 2020, notifico personalmente la medida de protección provisional que antecede y se hace entrega de copia íntegra de la Resolución No. 066 del 4 de junio de 2020, a los señores PAULA ANDREA RODAS CORTES y JAMES NIGEL LIKUBULI WATTS, quienes enterados firman en constancia.

Los notificados:

PAULA ANDREA RODAS CORTES

JAMES NIGEL LIKUBULI WATTS

Quien notifica,

IRMA LUCIA BOLIVAR CIFUENTES



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43D # 11 - 02 PISO 2° MASCERCA TEL: 4939764

**RESOLUCION No. 066**

Medellín, 04 de junio de 2020

"Por la cual se admite una solicitud de protección por violencia intrafamiliar y se dictan medidas de protección provisionales"

El Comisario de Familia Catorce de Medellín, en uso de las facultades legales conferidas por el Artículo 11° de la Ley 294 de 1996, modificado por el Artículo 6° de la Ley 575 de 2000 en concordancia con lo dispuesto en la Ley 1257 de 2008 y los Decretos 652 de 2001 y 4799 de 2011 y,

**CONSIDERANDO**

1. Que el día 18 de mayo de 2020, se recibe vía correo electrónico, solicitud de protección por violencia intrafamiliar en favor de la señora PAULA ANDREA RODAS CORTES, por hechos de los cuales sindicó al señor JAMES NIGEL LIKUBULI WATTS.

2. Que las conductas descritas en la solicitud de protección, son reconocidas por la ley como constitutivas de violencia intrafamiliar.

4. Que la solicitud efectuada por la señora PAULA ANDREA RODAS CORTES, es creíble y constituye un indicio serio de ocurrencia del hecho de violencia, situación que debe ser atendida para evitar nuevos hechos constitutivos de violencia y que se siga perturbando la paz y la armonía familiar.

5. Que los hechos denunciados son de una gravedad tal, que hacen temer por la integridad física y mental, la dignidad humana, la paz y la convivencia pacífica de PAULA ANDREA RODAS CORTES y su grupo familiar, haciéndose necesaria la intervención de esta Comisaría de Familia, adoptando medidas de protección provisional que procuren restablecer la paz y la armonía del grupo familiar, que pongan fin y prevengan la realización de nuevos hechos violentos, cumpliendo así el Estado su misión de proteger la familia y a su integrantes, de toda forma de violencia que menoscabe tales derechos fundamentales.

6. Que este Despacho es el competente para conocer la solicitud de protección presentada, por cuanto el Artículo 4° de la Ley 294/96, modificado por el Artículo 1° de la Ley 575 /2000, que le otorga competencia al Comisario de Familia del lugar donde ocurren los hechos, y en el presente caso, los hechos denunciados suceden dentro de la jurisdicción de esta Comisaría de Familia

Escaneado con Cal

**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43B # 11 - 02 PISO 2° MASCERCA TEL: 4939764

DECIMO CUARTO) **NOTIFICAR** la presente medida de protección provisional, personalmente y mediante aviso, indicando que contra esta, no procede recurso alguno.

**NOTIFÍQUESE Y CÚMPLASE**

**ELKIN LONDOÑO SERNA**           **IRMA LUCIA BOLIVAR CIFUENTES**
Comisario de Familia Catorce            Secretaria

NOTIFICACION: En la fecha, junio 4 de 2020, notifico personalmente la medida de protección provisional que antecede y se hace entrega de copia íntegra de la Resolución No. 066 del 4 de Junio de 2020, a los señores PAULA ANDREA RODAS CORTES y JAMES NIGEL LIKUBULI WATTS, quienes enterados firman en constancia.

Los notificados:

PAULA ANDREA RODAS CORTES

JAMES NIGEL LIKUBULI WATTS

Quien notificó

IRMA LUCIA BOLIVAR CIFUENTES








**COMISARIA PRIMERA DE FAMILIA**
Carrera 4 # 2 – 55 B/ Belalcazar   tel. 6671200
Municipio de Yumbo

Yumbo, _Junio  10_ del 2016

P.f. Gerson
17.30. Horas
10.06.16

Señores:
COMANDANTE ESTACION DE POLICIA
Yumbo – Valle

ASUNTO: PROTECCION POLICIVA

De conformidad con lo establecido en el Artículo 5. Modificado por el Art. 2 de la Ley 575 de 2000, aplicar los literales:

b). Ordenar al agresor abstenerse de penetrar en cualquier lugar donde se encuentre la víctima, cuando a discreción del funcionario dicha limitación resulte necesaria para prevenir que aquél moleste, intimide, amenace o de cualquier otra forma interfiera con la víctima o con los menores, cuya custodia provisional le haya sido adjudicada.

g) Cualquier otra medida necesaria para el cumplimiento de los propósitos de la presente ley.

Solicito muy respetuosamente, Medida de Protección para el/la señor(a) _PAULA ANDREA RODA CORTES_, Identificada(a) con la CC Nº _9.309.673_ Expedida en _BUGALAGRANDE VALLE_, de _36_ años de edad, residente en la _H1 9 # 2-09_, Barrio: _BUGAVISTA_ Quien vienen siendo víctima de agresión ☐física ☐sexual ☒ verbal ☒ psicológica, por parte de su _EXCOMPAÑERO_ el/la señor(a) _GOMEZ LUIIS FABIER_ lo anterior a fin de advertir al presunto agresor(a) que deba abstenerse de cualquier acto de agresión en el contexto familiar.

Atentamente,

LUIS ELI VARGAS PERDOMO
Secretario Comisaria primera de familia

Elaboro y proyecto: Cesar Gutiérrez Ayala
Código postal: 760501

Calle 6 No. 4-10 Barrio  Belalcazar
PBX: 6516610 · www.yumbo.gov.co
E-mail: alcaldiayumbo@yumbo.gov.co





**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43D # 11 - 02 PISO 2° MASCERCA TEL: 4939764

**RESOLUCIÓN No. 0 6 8**

Medellín, junio 17 de 2020

"Por la cual se adiciona una medida de protección provisional por violencia intrafamiliar"

El Comisario de Familia Catorce de Medellín, en uso de las facultades legales, en especial las conferidas por el Artículo 11° de la Ley 294 de 1996, modificado por el Artículo 6° de la Ley 575 de 2000, en concordancia con lo dispuesto en las Leyes 1098 de 2006 y 1257 de 2008 y,

**CONSIDERANDO**

**1.** Que el día 04 de junio de 2020, se recibe petición por correo electrónico en este Despacho, en la que la señora PAULA ANDREA RODA CORTES, solicitó una medida de protección por violencia intrafamiliar en su propio beneficio y en la de los demás miembros de su grupo familiar, por hechos de los cuales sindicó al señor JAMES NIGEL LIKUBULI WATTS.

**2.** Que dicha solicitud, fue radicada en el Sistema Administrativo Theta de la Secretaría de Seguridad y Convivencia der la Alcaldía de Medellín, bajo el número 2-0014540-20 y mediante Resolución 066 del 04 de junio de 2020, este despacho dictó medidas de protección provisionales en beneficio de la señora PAULA ANDREA RODA CORTES, decisión que fue debidamente notificada a las partes.

**3.** Que el día 17 de junio de 2020, la señora PAULA ANDREA RODA CORTES, mediante correo electrónico, informó al despacho de nuevos hechos de presunta violencia realizados en su contra, sindicando nuevamente al señor JAMES NIGEL LIKUBULI WATTS.

**4.** Que analizado lo manifestado por la señora PAULA ANDREA RODA CORTES, las conductas denunciadas hacen temer por la integridad física y mental, la dignidad humana, la paz y la convivencia pacífica de la familia WATTS RODAS y en especial de la señora PAULA ANDREA RODA CORTES y demás miembros de su grupo familiar, haciéndose necesaria la intervención de esta Comisaría de Familia, adoptando nuevas medidas de protección provisionales que procuren restablecer la paz y la armonía del grupo familiar, que pongan fin y prevengan la realización de nuevos hechos violentos que menoscaben tales derechos fundamentales.

**SECRETARÍA DE SEGURIDAD Y CONVIVENCIA**
**SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA**
**COMISARÍA DE FAMILIA CATORCE "EL POBLADO"**
**CRA 43D # 11 - 02 PISO 2° MASCERCA TEL: 4939764**

**5.** Que en el presente caso, se hace necesario adoptar medidas de protección complementarias, para evitar nuevos hechos de violencia y que se siga perturbando la paz y armonía familiar.

**6.** Que este despacho es el competente para conocer la solicitud de protección presentada, por cuanto el Artículo 4° de la Ley 294/96, modificado por el Artículo 1° de la Ley 575 /2000, le otorga competencia al Comisario de Familia del lugar donde ocurren los hechos, y en el presente caso, los hechos denunciados suceden dentro de la jurisdicción de esta Comisaría de Familia

En mérito de lo brevemente expuesto, el Comisario de Familia Catorce de Medellín,

### RESUELVE:

**PRIMERO: ADICIONAR,** conforme lo dispuesto en el Artículo 11° de la Ley 294 de 1996, modificado por el Artículo 6° de la Ley 575 de 2000, a la Resolución 066 del 04 de junio de 2020, las siguientes medidas de protección por violencia intrafamiliar en favor de la señora PAULA ANDREA RODA CORTES, y en la de los demás miembros de su grupo familiar.

**SEGUNDO: ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS, abstenerse de impedir el uso y goce e ingreso a la vivienda familiar, su amoblamiento, sus servicios públicos y demás servicios y suscripciones a la señora PAULA ANDREA RODA CORTES y su grupo familiar.

**TERCERO: ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS, pasaporte 348572, abstenerse de ejercer actos de constreñimiento u obligar de cualquier forma a la señora PAULA ANDREA RODA CORTES, a la firma de cualquier tipo de documento de carácter legal, como acuerdos, desistimientos de procesos administrativos o judiciales.

**CUARTO: ORDENAR** la remisión de copia de la solicitud de protección y de los demás documentos relacionados con la solicitud de protección presentada por la señora PAULA ANDREA RODA CORTES, a la Fiscalía General de la Nación y a Migración Colombia.

**QUINTO: SOLICITAR** al señor Comandante de la Estación de Policía Poblado, conforme lo dispuesto en el Numeral 8° del Artículo 3° del Decreto 4799 de 2011, efectuar estudio de valoración del riesgo a la señora PAULA ANDREA RODAS CORTES y emitir el concepto y las recomendaciones del caso.

**SEXTO: SOLICITAR** al Instituto Nacional de Medicina Legal y Ciencias Forenses, Regional Noroccidental, la valoración por lesiones y afectación psicológica, como consecuencia de la violencia intrafamiliar, a la señora PAULA ANDREA RODA CORTES.







**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43D # 11 - 02 PISO 2° MASCERCA TEL: 4939764

SEPTIMO: **ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS, se abstenga de ejecutar actos de venta, traspaso u ocultamiento de bienes pertenecientes a la sociedad conyugal sean estos sujetos o no a registro.

OCTAVO: **ORDENAR** que las medidas de protección, estarán vigentes hasta que se le notifique al señor JAMES NIGEL LIKUBULI WATTS, lo resuelto dentro de las diligencias radicadas bajo el número 2-0014540-20 mesa-2.

NOVENO: **ADVERTIR** al señor JAMES NIGEL LIKUBULI WATTS, que el incumplimiento de las medidas ordenadas en esta Resolución y en la Resolución 066 de junio 04 de 2020, la hará acreedor a las sanciones preceptuadas en el Artículo 7° de la Ley 294 de 1996.

DECIMO: **NOTIFICAR** la presente Medida de Protección Provisional adicional personalmente o mediante correo electrónico, indicando que contra esta no procede recurso alguno.

**NOTIFÍQUESE Y CÚMPLASE**

**ELKIN LONDOÑO SERNA**
Comisario de Familia Catorce

**IRMA LUCIA BOLIVAR CIFUENTES**
Secretaria



**Alcaldía**
de Yumbo
REPÚBLICA DE COLOMBIA
DEPARTAMENTO DEL VALLE DEL CAUCA
MUNICIPIO DE YUMBO
SECRETARIA DE PAZ Y CONVIVENCIA CIUDADANA
COMISARIA II DE FAMILIA
Cr. 4 No. 2-55 B/Belalcázar
Tel: 6571200

DILIGENCIA DE NOTIFICACIÓN EN ESTRADOS DE LA RESOLUCION No. 014-15 DEL 15 DE OCTUBRE DE 2015. MEDIANTE LA CUAL SE DICTA FALLO Y SE ORDENA EL REINTEGRO A MEDIO FAMILIAR JESI GABRIEL WATTS RODA OTORGANDO SU CUSTODIA Y CUIDADO PERSONAL A SU PROGENITORA PAULA ANDREA RODA CORTES. HA No. 130-1110301206. INTERNO 062-15

En el Municipio de Yumbo, a los quince (15) días del mes de octubre de dos mil quince (2015), la suscrita Comisaria II de Familia de Yumbo, en uso de las facultades conferidas por la ley 1098 de 2006 ley de Infancia y adolescencia, en diligencia de reintegro del niño JESI GABRIEL WATTS RODA, procede a notificar la presente Resolución No. 014-15 de fecha 15 de octubre de 2015, mediante la cual se ordena el reintegro a su progenitora señora PAULA ANDREA RODA CORTES del niño ya mencionado, otorgando su custodia y cuidado personal

Igualmente se informa que contra el mismo proceden los recursos de reposición en los términos establecidos en el código de Infancia y adolescencia (ley 1098/2006) y del C.P.C.; se entrega copia, para los fines legales pertinentes.

NOTIFICADOS:


Paola A. Roda                   Godislove
PAULA ANDREA RODA CORTES        JAMES NIGEL LIKUBULI WATTS FARMER
C.C. No. 29309633               C.C. No. 34 8572


Lourdes Maritza Quijano
LOURDES MARITZA QUIJANO
Comisaria II de Familia

Calle 5 No. 4-40 Barrio Belalcazar
PBX: 6518600 - www.yumbo.gov.co
E-mail: alcaldeyumbo@yumbo.gov.co



**Alcaldía**
de Yumbo

REPUBLICA DE COLOMBIA
DEPARTAMENTO DEL VALLE DEL CAUCA
MUNICIPIO DE YUMBO
SECRETARIA DE PAZ Y CONVIVENCIA CIUDADANA
COMISARIA II DE FAMILIA
CR. 4 No. 2-55 B/Belalcázar
Tel.: 6671200

ACTA DE ENTREGA DE CUSTODIA Y CUIDADO PERSONAL DENTRO DEL PROCESO DE RESTABLECIMIENTO DE DERECHOS A FAVOR DEL NIÑO JESI GABRIEL WATTS RODA HA No. 130-1110301206. INTERNO 062-15.

La Comisaria II de Familia del Municipio de Yumbo, en uso de las facultades conferidas por la ley 1098 de 2006, ley de infancia y adolescencia y de acuerdo a la Resolución No. 014-15 del 15 de octubre de 2015, donde se decreta el reintegro de JESI GABRIEL WATTS RODA y se procede a extender ACTA DE ENTREGA Y DE CUSTODIA DE JESI GABRIEL WATTS RODA a su progenitora la señora PAULA ANDREA RODA CORTES, identificada con la C.C. No. 29.309.633, con residencia en Miravalle Dapa Km. 9 No. 2-09 de Yumbo, imponiéndole las siguientes;

OBLIGACIONES:

- Brindar al niño todos los cuidados necesarios para su desarrollo integral en los aspectos físico, intelectual, moral y social.
- Evitar todo acto de violencia y maltrato físico o psicológico hacia el niño.
- Informar a la Autoridad competente de su domicilio, sobre el estado general del niño y cualquier cambio de residencia.
- Facilitar a la autoridad competente, el seguimiento y asesoría de caso.

SANCIONES:

El incumplimiento de las obligaciones anteriores dará lugar a la imposición, por parte de la Autoridad Competente por medio de resolución motivada, de las sanciones penales y civiles a que haya lugar:
- La reincidencia o la renuencia a darle cumplimiento a la orden de asignación, constituye causal de suspensión de los derechos adquiridos mediante la presente acta.

Para constancia se firma en el Municipio de Yumbo, a los quince (15) días del mes de octubre de dos mil quince (2015).

Paula A. Roda                    Godislove
PAULA ANDREA RODA CORTES         JAMES NIGEL LIKUBULI WATTS FARMER
C.C. No. 29 309 633              C.C. No. 34 85 72

LOURDES MARITZA QUIJANO
Comisaria II de Familia

Calle 5 No. 4-40 Barrio Belalcazar
PBX: 6516600 - www.yumbo.gov.co
E-mail: alcaldeyumbo@yumbo.gov.co



**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

RADICADO: 2-0014540-20

**COMISARÍA DE FAMILIA 14 EL POBLADO**

Medellín, veintiocho (28) de julio de dos mil veintidós (2022)

**CONSTANCIA SECRETARIAL**

En cumplimiento de lo ordenado en audiencia de Pruebas y Fallo del día 27 de julio de 2022, se rinde informe de lo actuado en la diligencia de 20 de septiembre de 2021.

**RADICADO: 2-0014540-20**                    **HORA: 8:30 A.M.**

**AUDIENCIA DE PRUEBAS Y FALLO**
**VIOLENCIA INTRAFAMILIAR LEY 294 DE 1996**

Siendo el día y hora que fueron determinados en auto de 4 de junio de 2021, se constituye el Despacho en Audiencia Pública de PRUEBAS Y FALLO, diligencia a la que comparecen a través de la plataforma virtual de Microsoft Teams, en calidad de convocante inicial y contrademandada, la señora PAULA ANDREA RODA CORTÉS, identificada con la cédula de ciudadanía número 29.309.366 y como convocado y posterior demandante, el señor JAMES NIGEL LIKUBULI WATTS FARMER, identificado con la cédula de extranjería número E348572, ciudadano de Gran Bretaña Inglaterra, además hace presencia el señor JULIÁN ORLANDO RENDÓN TORO, Agente del ministerio Público, delegado para esta Comisaría de Familia.

Para efectos del registro en audio, se concede el uso de la palabra a las partes en conflicto, para que realicen su presentación.

 www.medellin.gov.co

Centro Administrativo Distrital CAD
Calle 44 N° 52-165, Código Postal 50015
Línea de Atención a la Ciudadanía: (604) 44 44 144
Conmutador: (604) 385 55 55  Medellín - Colombia




**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

Revisado el expediente, observa el Despacho que las etapas surtidas con antelación a esta audiencia, han sido consumadas de conformidad con el debido proceso, de lo que se desprende que no existen causales de nulidad que puedan dar al traste con lo actuado, a lo que se le suma que, de haber convergido alguna de éstas, por no haber sido alegada en oportunidad por las partes en conflicto, se encuentra saneada.

Previo a continuar con la etapa procesal que corresponda, se deja constancia que no se observa en el plenario que aparezcan solicitudes pendientes de trámite, más porque las noticias sobre agresiones o desavenencias conyugales que se aportaron con posterioridad a la radicación de este trámite, serán tenidas en cuenta en la oportunidad procesal que corresponda. Las partes manifiestan conformidad con lo actuado hasta el momento.

Con el propósito de definir lo que será el litigio que enlaza a las partes en conflicto y para contextualizar al señor Agente del Ministerio Público, se autoriza que por la secretaria que asiste esta diligencia, se dé lectura de los fundamentos de facto que sirvieron para aperturar este trámite de violencia intrafamiliar, así:

a. Informe de 27 de abril de 2020, elaborado por la línea de atención social 123, de la Alcaldía de Medellín y que se vierte a los folios 2 a 6 del plenario, del que por su pertinencia, se hace lectura del folio 6 y folio 6 vuelto.

b. Solicitud de medidas de protección, de 18 de mayo de 2020, pedidas ante esta Comisaría de Familia, por la señora PAULA ANDREA RODA CORTÉS, folios 23 y 24, del que se permite la lectura del acápite de hechos.

c. Solicitud de medidas de protección, de 17 de junio de 2020, pedidas ante esta Comisaría de Familia por la señora PAULA ANDREA RODA CORTÉS, folios 38 y 39, del que se permite la lectura del acápite de hechos.



**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

d. Solicitud de medidas de protección, de 7 de julio de 2020, pedidas ante esta Comisaría de Familia por el señor JAMES NIGEL LIKUBULI WATTS FARMER, folios 53 a 58, del que se permite la lectura de los folios 57 vuelto a 58 vuelto.

De manera antelada y con el propósito de determinar la fijación del litigio, se decreta el interrogatorio de parte a PAULA ANDREA RODA CORTÉS y JAMES NIGEL LIKUBULI WATTS FARMER el que a continuación pasará a practicarse.

En consecuencia, se procede, al unísono, a tomar el juramento de rigor de que trata el Art. 442 del C. Penal, Modificado por el Art. 8° de la Ley 890 de 2004, para lo cual se les informa a PAULA ANDREA RODA CORTÉS y a JAMES NIGEL LIKUBULI WATTS FARMER: "El que en actuación judicial o administrativa, bajo la gravedad del juramento ante autoridad competente, falte a la verdad o la calle total o parcialmente, incurrirá en prisión de seis (6) a doce (12) años", pero además, se les precisa que, al tenor de lo dispuesto en los artículos 33 de la Constitución Nacional y 385 del Código de Procedimiento Penal, no están obligados a declarar contra sí mismos, contra ninguno de sus parientes que se encuentren dentro del cuarto grado de consanguinidad, segundo de afinidad o primero civil.

**INTERROGATORIO DE PARTE A LA SEÑORA PAULA ANDREA RODA CORTÉS**

Etapa procesal en la que la señora **PAULA ANDREA RODA CORTÉS** adujo:

1. Ratifica lectura de la denuncia presentada.

2. "Desde que nos conocemos siempre sucedieron hechos violentos. Siempre necesitamos ayuda".

 www.medellin.gov.co

Centro Administrativo Distrital CAD
Calle 44 N° 52-165. Código Postal 50015
Línea de Atención a la Ciudadanía: (604) 44 44 144
Conmutador: (604) 385 55 55 Medellín - Colombia

SGS



**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

3. "Él no me dejaba maquillar, mientras estoy en casa no me maquillo, solo para salir, siempre me fue infiel y me llevó a la incertidumbre de no saber si estaríamos juntos, superamos las nalgadas que me daba para castigarme. Nunca me deja trabar para percibir un sueldo, solo como voluntaria y si me daban dinero él lo manejaba, él no me dejaba mercar ni encargarme de las cosas de la casa, nunca compró TV y ahora que no está es que puedo comprar lo que quiero y lo que necesito".

4. "Me decía que yo era su obra de caridad. Él controló los gastos del hogar. Hasta ahora me dice que compro cosas innecesarias, él cuida mucho su cuerpo, pero él nunca me permitió darle al niño leche de tarro o compotas y, solo comía helado con el niño, pero él no permitía eso para mí. Creo que hay violencia de género, más porque sin él estamos tranquilos".

5. "Sí, yo lo maltraté, nuestras relaciones sexuales se dieron cada vez que él tenía deseos, nos tirábamos al piso y le permitía que él hiciera lo que quería, terminaba y se iba para la habitación a dormir con el niño, una vez me obligó y yo lo mordí. Si me veía flaca o gorda siempre estuve fea para él. Lo insulté solo para defenderme, siempre me humilló y explotaba para defenderme de él, él siempre buscó discutir, hasta le pegué con el palo de la escoba".

**INTERROGATORIO DE PARTE AL SEÑOR JAMES NIGEL LIKUBULI WATTS FARMER**

De parte del señor **JAMES NIGEL LIKUBULI** se obtienen las siguientes manifestaciones:

1. El señor **JAMES NIGEL** ratifica los hechos denunciados por la señora **PAULA ANDREA RODA CORTES**.

 www.medellin.gov.co

Centro Administrativo Distrital CAD
Calle 44 N° 52-165. Código Postal 50015
Línea de Atención a la Ciudadanía: (604) 44 44 144
Conmutador: (604) 385 55 55 Medellín - Colombia





**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

2. Establece que los hechos se remontan a más de dos años atrás, dice que la motivó (refiriéndose a **PAULA ANDREA**) a no ponerse tanto maquillaje, "la veía bonita y le dije no necesitar maquillase tanto".

3. "Es más cierto que yo me encargué de mercar, eso porque ella compraba cosas no saludables. Yo me encargué de administrar el dinero que me llegaba, también ayudé a la familia".

4. "Nunca la obligué a tener relaciones sexuales".

5. Indica que PAULA ANREA "explotaba si hacer mucho, ella no se controla, lo hacía solo por lo que pensara o sintiera, por ejemplo cuando me comunicaba con compañeras del trabajo, la administración del dinero pudo afectar a PAOLA, pero temí que se gastara el dinero en cosas innecesarias".

6. "Somos diferentes y nunca debimos estar juntos o ser pareja, los niños presenciaron una relación de pareja disfuncional".

7. "Los niños fueron testigos de gritos y descalificativos".

8. "Llegué a consumir, nos conocimos borrachos y drogadictos, pero no me ponía conflictivo. PAULA consumía marihuana, pocas veces yo lo hice, luego de consumir no terminábamos en conflictos, eso la tranquilizaba a ella".

9. Manifiesta que el 10 de septiembre de 2020 "ella me pega como lo hacía anteriormente, no recuerdo la razón, pero discutimos y ella perdió el control".

10. "Yo no impido la salida de mi hijo a Estados Unidos, yo ayudo con la visa".

Centro Administrativo Distrital CAD
Calle 44 N° 52-165. Código Postal 50015
Línea de Atención a la Ciudadanía: (604) 44 44 144
Conmutador: (604) 385 55 55  Medellín - Colombia

 www.medellin.gov.co

SGS



**Alcaldía de Medellín**
——————— Distrito de ———————
Ciencia, Tecnología e Innovación

11. "Sin duda agredí a PAULA verbalmente por no controlarme en las discusiones que hemos tenido, pero menos de lo que ella ha hecho conmigo, físicamente en menos ocasiones eso solo al iniciar".

12. "Buscamos ayuda psicológica y espiritual, yo buscaba esas intervenciones, quería una relación exitosa porque no compartimos la misma moral, PAULA no es honesta y con ella no se llegan a acuerdos y se inventa los problemas. Se altera con facilidad y no es madura".

13. "Pago el arriendo y el colegio y otras obligaciones"

14. "El niño no se queja por la alternancia en el cuidado".

## FIJACIÓN DEL LITIGIO

Conforme al recorrido fáctico expuesto por la señora **PAULA ANDREA RODA CORTÉS** y el señor **JAMES NIGEL LIKUBULI WATTS FARMER,** el laborío de esta Agencia de Familia girará en torno a establecer si, como lo denunciaran estos, cualquiera de ellos desplegó o no, uno en contra del otro y de forma sistemática, conductas constitutivas de violencia intrafamiliar.

## DECRETO Y PRÁCTICA DE PRUEBAS

En el cuaderno que conforma el expediente de este trámite, se otean los registros de entidad documental que a continuación serán relacionados, los que, por su pertinencia y conducencia, (C G P, artículo 168), previo a su respectivo decreto (Ley 294 de 1996, artículo 14, modificado por el 8° de la Ley 575 de 2000), servirán para definir el conflicto sub examine.

## DECRETO PROBATORIO

**PRUEBAS DE OFICIO**

 www.medellin.gov.co

 *Centro Administrativo Distrital CAD*
*Calle 44 N° 52-165, Código Postal 50015*
*Línea de Atención a la Ciudadanía: (604) 44 44 144*
*Conmutador: (604) 385 55 55 Medellín - Colombia*





**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

Conforme lo consagra el C G P, en su artículo 170, téngase como pruebas:

a. Informe de 27 de abril de 2020, elaborado por la línea de atención social 123, de la Alcaldía de Medellín y que se vierte a los folios 2 a 6 del plenario.

b. Solicitud de medidas de protección, de 18 de mayo de 2020, pedidas ante esta Comisaría de Familia, por la señora **PAULA ANDREA RODA CORTÉS,** folios 23 y 24.

c. Solicitud de medidas de protección, de 17 de junio de 2020, pedidas ante esta Comisaría de Familia por la señora **PAULA ANDREA RODA CORTÉS,** folios 38 y 39.

d. Solicitud de medidas de protección, de 7 de julio de 2020, pedidas ante esta Comisaría de Familia por el señor **JAMES NIGEL LIKUBULI WATTS FARMER,** folios 53 a 58.

e. Seguimiento psicosocial, al informe de verificación de derechos, de 8 de mayo de 2020, actividad a cargo del equipo psicosocial de esta Agencia de Familia.

f. Informe pericial forense desde el área de psicología o psiquiátrica, relacionado con la afectación mental de violencia intrafamiliar padecido por **PAULA ANDREA RODA CORTÉS** y **JAMES NIGEL LIKUBULI WATTS FARMER,** la cual estará a cargo del Instituto Nacional de Medicina Legal y Ciencias Forenses, Regional Noroccidente, de Medellín, entidad a la que habrá de advertírsele que ambas partes aparecen como víctimas, una frente a la otra, en este trámite de violencia intrafamiliar. Comuníquese, por secretaría, esta petición al mencionado instituto y para tal efecto, adjúntese copia íntegra del expediente a costa de cada parte.

   www.medellin.gov.co

Centro Administrativo Distrital CAD
Calle 44 N° 52-165. Código Postal 50015
Línea de Atención a la Ciudadanía: (604) 44 44 144
Conmutador: (604) 385 55 55  Medellín - Colombia

 SGS



**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

g. Informe Pericial forense desde el área de psicología o psiquiátrica, relacionado con la patria potestad (o potestad parental) y custodia que **PAULA ANDREA RODA CORTÉS** y **JAMES NIGEL LIKUBULI WATTS FARMER** ejercen sobre los menores Valerie Arboleda Roda, con NUIP 1110296443 y Jesi Gabriel Watts Roda, con NUIP 1.110.301.206, la cual estará a cargo del Instituto Nacional de Medicina Legal y Ciencias Forenses, Regional Noroccidente, de Medellín, entidad a la que habrá de advertírsele que ambos padres aparecen como víctimas, uno frente al otro, en este trámite de violencia intrafamiliar, del que además pueden ser víctimas los nombrados menores. Comuníquese, por secretaría, esta petición al mencionado instituto y para tal efecto, adjúntese copia íntegra del expediente a costa de cada parte.

h. Informe pericial forense desde el área de psicología o psiquiátrica, relacionado con el consumo de sustancias psicoactivas por parte de **PAULA ANDREA RODA CORTÉS** y **JAMES NIGEL LIKUBULI WATTS FARMER**, la cual estará a cargo del Instituto Nacional de Medicina Legal y Ciencias Forenses, Regional Noroccidente, de Medellín, entidad a la que habrá de advertírsele que ambas partes aparecen como víctimas, una frente a la otra, en este trámite de violencia intrafamiliar. Comuníquese, por secretaría, esta petición al mencionado instituto y para tal efecto, adjúntese copia íntegra del expediente a costa de cada parte.


**PRUEBAS DE LA CONVOCANTE INICIAL Y DEMANDADA POSTERIOR**

**TESTIMONIAL**

1. Eliana Eunice Flórez Tabares
2. María Vásquez Cañaveral

 www.medellin.gov.co

 Centro Administrativo Distrital CAD
Calle 44 N° 52-165, Código Postal 50015
Línea de Atención a la Ciudadanía: (604) 44 44 144
Conmutador: (604) 385 55 55  Medellín - Colombia





**Alcaldía de Medellín**
Distrito de
Ciencia, Tecnología e Innovación

**PRUEBAS DEL CONVOCADO INICIAL Y DEMANDANTE POSTERIOR**

**DOCUMENTAL**

1. Imágenes que se vierten a los folios 53 a 57.

Póngase en conocimiento de los asistentes, el decreto de pruebas que acaba de ser anunciado, para que si a bien lo tienen, se pronuncien en lo que sea de su interés.

Clausurada la etapa del decreto de pruebas sin que hubiere sido recurrida por las partes, esta Agencia de Familia se ve convocada a practicar algunos medios suasorios que, por su naturaleza, no podrán ser atendidos en el acto; de lo que se desprende la necesidad de suspender esta diligencia en procura de contar con el resultado de las probanzas que se allegarán desde otras entidades y del equipo psicosocial de esta Comisaría.

**MARIBETH ACEVEDO ORTEGA**
Secretaria

Informe elaborado por:

**MARIANA GIRALDO GAVIRIA**
Practicante de derecho

 www.medellin.gov.co

Centro Administrativo Distrital CAO
Calle 44 N° 52-165, Código Postal 50015
Línea de Atención a la Ciudadanía: (604) 44 44 144
Conmutador: (604) 385 55 55 Medellín - Colombia




**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CARRERA 43D N°11-02  2° PISO BARRIO MANILA
TELS: 4939764 - 3858670

---

**INFORME DE VERIFICACIÓN DE GARANTÍA DE DERECHOS DE LOS NNA
VALERIE ARBOLEDA RODA Y JESI GABRIEL WATTS RODA**

---

| FECHA | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Día:** | **08** | **Mes:** | **05** | **Año:** | **2020** | **Hora:** | **11:00 a.m.** |

**ASUNTO:** Entrevista telefónica con la señora PAULA ANDREA RODA CORTES para verificación de garantía de derechos de sus hijos, la adolescente **VALERIE ARBOLEDA RODA** y el niño **JESI GABRIEL WATTS RODA.**

La presente actuación se realiza con base en el auto de Mayo ocho (08) de 2020 dictado por el Comisario de Familia Catorce de Medellín:

*"De conformidad con lo dispuesto en los Artículos 52° y 86° de la Ley 1098 de 2006, modificados por el Artículo 1° de la Ley 1878 de 2018 en armonía con lo dispuesto en el Literal a) del Artículo 10° del Decreto 4840 de 2007, ordenase al equipo psicosocial, de esta Comisaría de Familia, realizar la verificación de la garantía de los derechos de los NNA* **VALERIE ARBOLEDA RODA** *y JESI* **GABRIEL WATTS RODA**, *de once (11) y Siete (7) años de edad respectivamente.*

*(…) Lo anterior, con el fin de obtener los elementos de análisis necesarios, que permitan verificar los hechos reportados y abrir la respectiva investigación; la identificación de los representantes legales del niño, niña o adolescente, de las personas con quienes conviva o sean responsables de su cuidado, o de quienes de hecho lo tuvieren a su cargo. Adoptar las medidas provisionales de restablecimiento de derechos que amerite su situación, las personas que deben ser vinculadas al proceso y demás elementos que sean determinantes para el mismo".*

**NOTA:** Para efectos de facilidad en la lectura del presente informe se abreviaran los nombres completos de los participantes y demás personas mencionadas.

**RELATO DE HECHOS:**
Al Despacho de la Comisaría de Familia Catorce El Poblado, se allega un informe de la unidad móvil de emergencia social – 123, donde reportan: *"Menores de 7 y 11 años en riesgo frente a la exposición de episodios de violencia intrafamiliar, los padres permanentemente se agreden verbal y psicológicamente, presentan antecedentes de violencia física, además adoptan conductas poco funcionales asociadas a consumo".*

**DATOS DE LA ADOLESCENTE:**
Nombres y apellidos:    **VALERIE ARBOLEDA RODA**
Documento:    T.I. 1.110.296.443
Fecha de nacimiento:    29 de julio de 2008
Dirección:    Calle 18 Sur Nro. 24 - 53  Barrio POBLADO

**DATOS DEL NIÑO:**
Nombres y apellidos:    **JESI GABRIEL WATTS RODA**
Documento:    R.C 1.110.301.206
Fecha de nacimiento:    16 de ABRIL DE 2013
Dirección:    Calle 18 Sur Nro. 24 - 53  Barrio POBLADO



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CARRERA 43D N°11-02  2° PISO BARRIO MANILA
TELS: 4939764 - 3858670

**PERSONAS ENTREVISTADAS TELEFÓNICAMENTE QUE BRINDA INFORMACIÓN:**
Nombre:                    Paula Andrea Roda Cortes
Documento:              CC. 209.309.633
Parentesco:             Madre
Teléfono:                  3147829101

**INFORME**

## 1. CONTEXTUALIZACIÓN

El día ocho (08) de mayo, en medio de la cuarentena por COVID-19, siendo las 11:02 a.m, se realiza entrevista telefónica por parte del trabajador social adscrito a la Comisaría de Familia Catorce – Poblado a la señora Paula Andrea Roda Cortes, madre de los NNA mencionados anteriormente, encontrando que:

- Se dan conflictos relacionales a nivel conyugal que anteriormente implicaban maltrato físico, actualmente se describe que se da a nivel verbal, psicológico y según lo descrito se devela maltrato sexual y económico.
- Desde el noviazgo con el señor James, la señora Paula Andrea conoce sobre el consumo de SPA por parte de éste, consumo que describe como compulsivo, entre esas sustancias reporta: Cocaina, Crack, LCD, Extasis, marihuana y yagé.
- La madre menciona que ella inició consumo de Cocaina y marihuana en la relación con el señor James, dice que actualmente no presenta estos consumos aunque dice que ocasionalmente su cónyuge la constriñe para consumirlas y abordarla sexualmente, a pesar de que hace algunos años no comparten el lecho matrimonial, según ella por el maltrato que éste le ha dado, desgastes relacionales, pocos acuerdos y vínculos afectivos débiles en el subsistema conyugal.
- Según la señora Paula Andrea, su esposo ha disminuido el consumo de SPA, persiste en el de marihuana y licor, aunque sospecha que ocasionalmente consuma LCD y Yagé.
- Los conflictos entre la pareja tienen una dimensión tan significativa que son de conocimiento de su vecindario más cercano.

## 2. VERIFICACIÓN DE LA INSCRIPCIÓN EN EL REGISTRO CIVIL DE NACIMIENTO.

La adolescente **VALERIE ARBOLEDA RODA** se encuentra inscrita en la Notaría seis del Valle del Cauca – Cali, con NUIP 1110296443, fecha de nacimiento 29 de julio de 2008 en Valle del Cauca – Cali. Se anexa copia del registro civil, certificado de registro civil y copia de la tarjeta de identidad, N° 1.110.296.443. (Ver anexos).

El niño **JESI GABRIEL WATTS RODA** se encuentra inscrito en la Notaría seis del Valle del Cauca - Cali, con NUIP 1.110.301.206, fecha de nacimiento 16 de abril de 2013 en Valle del Cauca – Cali. Se anexa copia del registro civil, certificado de registro civil. (Ver anexos). Según la madre por asuntos relacionados con la cuarentena por COVID-19 aún no le han tramitado la tarjeta de identidad biométrica a su hijo.

## 3. VERIFICACIÓN DE LA VINCULACIÓN AL SISTEMA DE SALUD

La adolescente **VALERIE ARBOLEDA RODA** se encuentra afiliada al PBS (Plan de Beneficios en Salud) de la EPS SURA y medicina prepagada. (Ver anexo)



**Alcaldía de Medellín**

El niño **JESI GABRIEL WATTS RODA** se encuentra afiliado al PBS (Plan de Beneficios en Salud) de la EPS SURA y medicina prepagada. (Ver anexo)

### 4. VERIFICACIÓN A VINCULACIÓN AL SISTEMA EDUCATIVO

Hasta el día de la realización del informe no se allegaron documentos que certifiquen que la adolescente **VALERIE** y el niño **JESI GABRIEL** se encuentran escolarizados. No obstante, la señora Paula Andrea, refiere que **VALERIE** se encuentra matriculada en el Colegio San Lucas, cursando el grado séptimo y que **JESI** se encuentra matriculado en el Colegio Montesori cursando el grado 1 de primaria.

### 5. VALORACIÓN DE NUTRICIÓN Y REVISIÓN DEL ESQUEMA DE VACUNACIÓN

Se anexa copia del registro de vacunas allegado por la señora Paula Andrea de la adolescente **VALERIE** y del niño **JESI GABRIEL**, sin embargo ambos documentos no relacionan el nombre de los mencionados NNA, solo se alcanzan a identificar los cuadros de vacunas. (Ver anexo).

### 7. VALORACIÓN INICIAL DEL ENTORNO FAMILIAR

La adolescente **VALERIE** y el niño **JESI** hacen parte de una familia reconstituida compuesta por:

| NOMBRE | EDAD | PARENTESCO | OCUPACIÓN | Escolaridad |
|---|---|---|---|---|
| Paula Andrea Roda Cortes | 40 | Madre | Ama de casa | Estudios universitarios |
| James Nigel Likubuli Watts | 40 | Padre Social - Padre | Docente de Inglés | Estudios universitarios |
| Valerie Arboleda Roda | 11 | Hija | Estudiante | Séptimo |
| Jesi Gabriel Watts Roda | 7 | Hijo | Estudiante | Primero |

Dentro de la historia familiar se destaca que la madre gran parte de su vida ha residido en la ciudad de Cali, menciona que ha tenido dos uniones afectivas, de la primera tuvo a Valerie, la disolución conyugal con el padre de ésta, se dio por abandono del hogar de su pareja, al establecer una nueva unión.

Luego de esta ruptura conyugal, la madre retorna a casa de su familia de origen, la cual presentaba una inestable situación económica, lo cual influyó en una nueva y poco estructurada salida del hogar para una vida autónoma por parte de ésta, obstaculizando la culminación de sus estudios universitarios en psicología y dificultando entre otras cosas, la manutención de Valerie, teniendo en cuenta esta situación, la madre se vinculó a la prostitución, según ella, para obtener su sustento y el de su hija, además de terminar sus estudios. En el ejercicio de dicho oficio Dice la señora Paula Andrea que conoció al señor James Nigel Likubuli, con quien establece al poco tiempo una relación de noviazgo, luego se dieron dos años de convivencia y tuvieron un hijo fruto de esta unión. En dicha convivencia, se dieron presuntos eventos de maltrato, infidelidad y rupturas, a pesar de ello consolidaron el matrimonio civil que actualmente conservan desde hace cuatro años.

Dichas dificultades, en especial las infidelidades y maltratos conyugales, según la señora Paula no han cesado durante la vida matrimonial, situaciones que al parecer se exacerban por el uso de psicoactivos, especialmente por parte del cónyuge.

Se describe una autoridad ejercida por el subsistema conyugal de manera poco coordinada, que obstaculiza el establecimiento de límites claros, al igual que normas y mecanismos de sanción, en los que se incluye al menos con Jesi "Nalgadas" por parte de la madre. Se argumentan algunas diferenciaciones en la relación parentofilial paterna, a partir, según la madre, de que Valerie es fruto de una unión anterior suya y aunque el padre social es quien



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CARRERA 43D N°11-02 2° PISO BARRIO MANILA
TELS: 4939764 - 3858670

la sostiene económicamente, según Paula, a ellas "Les echa todo en cara". El padre duerme a solas con Jesi y permanece con éste en el hogar, generalmente los asuntos relacionados con el niño, el padre los asume de manera autocrática, restando participación de la madre en ellos, a pesar de esto, la madre ha sido quien ha ejercido en mayor medida la crianza de sus hijos, y en el caso de JESI, especialmente cuando el padre no está en casa.
Las relaciones fraternas son descritas como cercanas y con vínculos afectivos significativos.

La única fuente de ingresos en el hogar es el padre de JESI, quien según reporte de la señora Paula, históricamente ha limitado el ejercicio profesional de su esposa y la participación económica de ella en la dinámica familiar, aspecto que ha generado dependencia exclusiva de su esposo.
El padre de Valerie aporta económicamente a su hija de manera poco constante y en un monto inferior al fijado por las autoridades administrativas, luego de la demanda por alimentos que inició la señora Paula Andrea en favor de su hija.
El ambiente familiar generalmente es tenso por la conflictividad conyugal, desgaste en las relaciones de este subsistema, en el que generalmente están inmersos Valerie y Jesi.

Las redes de apoyo para la familia son descritas como limitadas, en el caso de Valerie, su familia extensa materna se encuentra en Cali, con la que tiene contacto esporádico y con la familia extensa paterna, se develan aún menos cercana, aunque su último contacto con esta familia fue en diciembre del año anterior.
En el caso del niño Jesi Gabriel, con la familia extensa materna, se da igual de forma que con Valerie, con respecto a su familia extensa paterna, se describen pocos contactos. La madre  menciona un viaje que su hijo hizo en compañía su padre a Inglaterra de donde es originario el padre, al igual que su familia. La madre agrega además que no conoce a la familia de su esposo.

**FACTORES PROTECTORES**

- El tratamiento que se adelanta con Valerie desde terapia cognitivo conductual, para abordar problemas de atención y tics nerviosos que ésta ha tenido desde temprana edad.
- La garantía de los derechos fundamentales de Valerie y Jesi tales como: registro civil, contraseña de tarjeta de identidad, salud, Educación, vivienda, alimentación, vestuario, entre otros.

**FACTORES DE RIESGO**

- La dependencia económica que presenta la madre con respecto a su cónyuge, a partir de la  presunta coacción que éste ha ejercido sobre ella para que no participe en la vida laboral y profesional, aspecto que según la señora Paula Andrea ha sido motivo de humillaciones hacia ella y Valerie.
- Las tensiones que se derivan de los constantes conflictos conyugales y ausencia de límites, en las que se vinculan inevitablemente a los hijos.
- Los acuerdos conyugales para el ejercicio parental son escasos y podrían influir negativamente en los vínculos con sus hijos y  la canalización del comportamiento de estos.
- El consumo de SPA, que según la madre se activa por temporadas por parte de su esposo, aspecto que lo torna aún más conflictivo y agresivo con ella a nivel verbal,



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CARRERA 43D N°11-02  2° PISO BARRIO MANILA
TELS: 4939764 - 3858670

psicológico y sexual, así como las implicaciones que tienen estas problemáticas en el desarrollo de los NNA.
- La ausencia de redes vinculares o de apoyo cercanos a Valerie y Jesi, pues se encuentran en su mayoría en Cali e Inglaterra.

### RESUMEN CONCEPTO DE VERIFICACIÓN DE ESTADO DE CUMPLIMIENTO DE DERECHOS (Ley 1098 de 2006)

Se percibe amenaza de los siguientes derechos:

### ARTÍCULO 14. RESPONSABILIDAD PARENTAL

Las funciones propias del rol parental, especialmente las referidas a la orientación, incluso desde el ejemplo, cuidado y acompañamiento de los hijos, no se cumplen a cabalidad por la dinámica relacional conflictiva entre los padres, además de las diferenciaciones que el referente paterno hace en la relación parentofilial con su hijo Jesi, en comparación con las que tiene con su hijastra Valerie.

### ARTÍCULO 17. DERECHO A LA VIDA, CALIDAD DE VIDA Y A UN AMBIENTE SANO.

En lo referido al ambiente sano, los constantes conflictos maritales y consumo de SPA, en especial por parte del referente paterno, afectan el clima familiar, tornándolo tenso y poco propicio para el desarrollo integral de los hijos, puesto que inciden en las condiciones de dignidad y goce de sus derechos.

### ARTÍCULO 18. DERECHO A LA INTEGRIDAD PERSONAL.

La dinámica relacional familiar conflictiva, las preferencias que hace sobre el hijo biológico el referente paterno devela conductas que afectan de manera directa a los NNA Valerie y Jesi Gabriel, puesto que podrían causar daño o sufrimiento psicológico en ellos.

### CONCLUSIONES

De acuerdo a lo que se conoce de la dinámica familiar de los NNA **VALERIE ARBOLEDA RODA** y **JESI GABRIEL WATTS RODA**, soportados en el principio de la buena fe, se puede inferir que:

- La ausencia histórica de límites y acuerdos a nivel conyugal genera conflictos en este subsistema, que torna tenso el clima familiar en el que se encuentran inmersos los NNA.

- Según la descripción del sistema conflictivo a nivel conyugal, en el que se da lugar a maltrato verbal, psicológico, económico y sexual en contra de la señora Paula Andrea Roda Cortes; se podría configurar una violencia basada en género.

- Los antecedentes de consumo de SPA por parte de los referentes paternos de los NNA, se configuran en un factor de riesgo para detonar eventos de violencia intrafamiliar y torna poco idóneo el rol parental para la crianza y la promoción del desarrollo integral de los hijos



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CARRERA 43D N°11-02 2° PISO BARRIO MANILA
TELS: 4939764 - 3858670

- Se percibe una escasa red de apoyo para los diferentes miembros de la familia que sean soporte para situaciones adversas o que requieran ayuda.

## RECOMENDACIONES DESDE EL ÁREA SOCIAL

- Amonestar a ambos padres exhortando la funcionalidad en el ejercicio de su rol en la dinámica familiar y contemplar la posibilidad de incluirlos en procesos educativos en crianza humanizada.
- Iniciar proceso legal por Violencia Intrafamiliar y/o Violencia Basada en Género.
- Acudir a los Centros Integrales para la Familia (CIF), para abordar la situación familiar, a través de procesos terapéuticos que fomenten acuerdos relacionados con el control de impulsos, manejo de emociones y resolucion asertiva de conflictos a nivel conyugal.
- Promover el aumento de redes de apoyo para los diferentes miembros de la familia, así como la vigencia y/o fortalecimiento de vínculos con las familias de origen de los referentes paternos.
- Tramitar la tarjeta de identidad del niño Jesi Gabriel, en cuanto el Gobierno Nacional permita la normalización de las registradurías en el País.
- Solicitar nuevamente soportes para que sean fuentes de verificación de la vinculación escolar de Valerie y Jesi Gabriel.
- Realizació de visita sociofamiliar para conocer las condiciones sociofamiliares rodean a los NNA.
- Realización de valoración psicológica y emocional presencial de ambos NNA.
- De ser necesario, adoptar medidas de urgencia de acuerdo con la valoración efectuada en este informe y con lo que considere el Comisario de Familia Catorce - Poblado.

Se trasladan las presentes diligencias al área Legal, para su conocimiento y la implementación de los trámites y determinaciones correspondientes.

---

**Nota aclaratoria:** Lo expresado en esta ACTA de VERIFICACIÓN DE ESTADO DE CUMPLIMIENTO DE DERECHOS, se refiere a lo solicitado por el Comisario de Familia y se basa en los datos aportados por la persona entrevistada telefónicamente durante la ejecución de la misma y los resultados de la presente acta, corresponden a unas circunstancias concretas, no pueden extrapolarse a otras condiciones, ni utilizarse fuera de contexto en momentos diferentes de aquellos en los que fue solicitada. Dicha información se complementará con los insumos allegados durante el proceso, por lo cual cada uno de los conceptos producto de las valoraciones posteriores, hacen parte de la verificación. En caso de una variación o modificación de las circunstancias convendría una nueva verificación.

---

**OSCAR DAVID ARISMENDI RODRIGUEZ**
Profesional Universitario
Trabajador Social
TP.246107109-I



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43 # 11 - 02 PISO 2° MASCERCA TEL: 4939764

En mérito de lo expuesto el Comisario de Familia Catorce de Medellín

## RESUELVE

PRIMERO: **ADMITIR** la solicitud de protección por violencia intrafamiliar, presentada por la señora PAULA ANDREA RODAS CORTES, identificada con cédula de ciudadanía 29.309.633 en su propio beneficio y de los demás miembros de su grupo.

SEGUNDO: **ABRIR** trámite correspondiente a violencia intrafamiliar, conforme lo dispuesto en el Artículo 4° de la Ley 294/96, modificado por el Artículo 1° de la Ley 575/00 en contra del señor JAMES NIGEL LIKUBULI WATTS.

TERCERO: **CONMINAR** al señor JAMES NIGEL LIKUBULI WATTS, residenciado en la calle 18S 24-53, barrio San Lucas de la ciudad de Medellín (Ant), para que se abstenga de ejecutar actos de violencia, agresión, maltrato, amenaza, daño, abuso, lesiones, daños físicos o materiales, ofensas verbales o maltrato psicológico por cualquier medio físico, electrónico o virtual, en contra de la señora PAULA ANDREA RODAS CORTES, o en contra de cualquier otro miembro de su grupo familiar; estas acciones no podrá realizarlas en lugares públicos o privados o en el sitio de trabajo de la persona protegida.

CUARTO: **ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS **ABSTENERSE** de realizar actos que perturben la paz y la convivencia familiar y social; especialmente se abstendrá de provocar altercados, escándalos o cualquier acto de violencia física o verbal en el lugar de trabajo o de residencia de la señora PAULA ANDREA RODAS CORTES o de su grupo familiar.

QUINTO: **ORDENAR** conforme lo dispuesto en el Literal n) de Artículo del Artículo 5° de la Ley 294 de 1996, modificado por el Artículo 2° de la Ley 575 de 2000, modificado por el Artículo 17° de la Ley 1257 de 2008, a JAMES NIGEL LIKUBULI WATTS **ABSTENERSE** de realizar cualquier tipo de difusión o comentario por redes sociales u otro medio similar, en relación con este proceso en el que de alguna manera se mencione o se perfilen las imágenes de la señora PAULA ANDREA RODAS CORTES, para prevenir que sea molestada, intimidada, amenazada o que de cualquier otra forma interfiera con ella.

SEXTO: **ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS, se abstenga de ejecutar actos de agresión o violencia intrafamiliar con o en presencia de sus hijos menores de edad si los.

SEPTIMO: **ORDENAR** que la custodia y el cuidado personal del niño Jesi Gabriel Watts Rodas, de siete (07) años de edad, esté en cabeza de su señora madre PAULA ANDREA RODAS CORTES.

Escaneado con Cal



**Alcaldía de Medellín**

SECRETARÍA DE SEGURIDAD Y CONVIVENCIA
SUBSECRETARÍA DE GOBIERNO LOCAL Y CONVIVENCIA
COMISARÍA DE FAMILIA CATORCE "EL POBLADO"
CRA 43D # 11 - 02 PISO 2° MASCERCA TEL: 4939764

OCTAVO: Para a garantizar la efectividad de la medida decretada en el Numeral anterior de esta Resolución, se oficiará al Centro Zonal Aburra Sur del Instituto Colombiano de Bienestar Familiar, para que esta entidad adopte las medidas necesarias de información a todos los centros zonales, a fin de impedir el otorgamiento de custodia y cuidado personal del niño Jesi Gabriel Watts Rodas, de siete (07) años de edad, en favor del señor JAMES NIGEL LIKUBULI WATTS, todo de conformidad con lo dispuesto en el Artículo 3° Numeral 3° del Decreto 4799 de 2011

NOVENO: **ORDENAR** al señor JAMES NIGEL LIKUBULI WATTS, se abstenga de ejecutar actos de violencia patrimonial o económica como suspender el pago de cuotas alimentarias, pago de las obligaciones que cause la vida familiar, pago de servicios públicos, servicios de comunicaciones no esenciales, impuestos, cuotas de administración y las de socorro, ayuda mutua, fidelidad y respeto que les impone el contrato matrimonial.

DECIMO: **INFORMAR** a las demás autoridades administrativas y de policía, que de conformidad con lo dispuesto en el Artículo 21° de la Ley 1257 de 2008, que las medidas de protección contenidas en la presente resolución acreditan la situación de la persona protegida, sus hijos e hijas, como personas víctimas de violencia intrafamiliar, sin que se puedan exigir otros requisitos adicionales.

DECIMO PRIMERO: **INFORMAR** el derecho de las mujeres a no ser confrontadas con el agresor: *"Las autoridades competentes están obligadas a informar a las mujeres víctimas el derecho que tienen a no ser confrontadas con el agresor. De conformidad con el artículo 4° de la ley 294 de 1996 modificada con la ley 575 de 200 y la ley 1257 de 2008 y decreto 4799 de 2011. Este derecho, consagrado en literal k) del artículo 8° de la Ley 1257 de 2008, incluye el derecho a manifestar ante la Fiscalía General de la Nación directamente, por escrito o a través de representante judicial, su intención de no conciliar. De igual manera, incluye el derecho a participar o no, en cualquier procedimiento o diligencia administrativa, civil o penal, ante cualquiera de las autoridades competentes, en las cuales esté presente el agresor. Con la manifestación de la mujer víctima de no conciliar quedará agotada la etapa de conciliación y se dará continuidad al proceso. En el trámite de las medidas de protección, este derecho se garantizará en relación con la etapa de conciliación ante cualquiera de las autoridades competentes."*

DECIMO SEGUNDO: **ORDENAR** que las medidas de protección, estarán vigentes hasta que se le notifique al señor JAMES NIGEL LIKUBULI WATTS, lo resuelto dentro de las diligencias radicadas en el Sistema Administrativo Theta de la Secretaria de Seguridad y Convivencia de la Alcaldía de Medellín, bajo el número 2-0014540-20.

DECIMO TERCERO: **ADVERTIR** al señor JAMES NIGEL LIKUBULI WATTS, que el incumplimiento de las medidas ordenadas esta Resolución, lo hará acreedor a las sanciones preceptuadas en el Artículo 7° de la Ley 294 de 1996.